## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL FRAIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. 3:11-CV-294 |
| | ) |
| DAVID G. LAUR, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### **OPINION AND ORDER**

This matter is before the Court on a complaint filed by Michael Frain, a *pro se* prisoner. For the reasons set forth below, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

BACKGROUND

Michael Frain, a *pro se* prisoner, alleges that Noble Circuit Court Judge David G. Laur violated his rights by denying him a speedy trial and setting his trial date for September 27, 2011. He alleges that Public Defender James J. Abbs violated his rights by refusing to file a motion for a speedy trial and by telling him that if he wanted a speedy trial he needed to fire him and file the motion himself.

## DISCUSSION

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

A judge is entitled to absolute immunity for judicial acts regarding matters within the court's jurisdiction, even if the judge's "exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Ruling on motions and setting trial dates is within the jurisdiction of State trial courts. Therefore, Judge Laur has judicial immunity for those actions and Frain's claims against him must be dismissed.

Though not immune from suit, a criminal defense attorney, even an appointed public defender, does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981). Therefore, Frain does not state a claim against Public Defender Abbs and Frain's claims against him must also be dismissed.

CONCLUSION

For the reasons set forth above, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.


**DATED: August 9, 2011**              /s/RUDY LOZANO, Judge
                                       **United States District Court**